IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL NELSON,                          )
                                         )
                 Plaintiff,              )
                                         )
vs.                                      )     Civil Action No. 3:24-cv-282
                                         )     Judge Stephanie L. Haines
JOHN DOE #1 and JOHN DOE #2,             )     Magistrate Judge Keith A. Pesto
                                         )
                 Defendants.             )
                                         )

## MEMORANDUM ORDER

Presently before the Court is a complaint in civil action under 42 U.S.C. § 1983 (ECF No. 9) filed *pro se* by Michael Nelson ("Plaintiff"). Plaintiff is suing John Does, Corrections Officers ("Defendants"),[1] who were employed at the State Correctional Institution at Somerset ("SCI-Somerset"), at the time of the events at issue.  Plaintiff asserts that Defendants lost his 17-page legal appeal paperwork that he had prepared to submit to the Third Circuit in his case, *Nelson v. Mroczka*, 4:22-cv-1238 (M.D. Pa. Sept. 28, 2023), *aff'd,* 23-2711 (3d Cir. July 23, 2024).  ECF No. 9, p. 4; ECF No. 11, p. 1.  He claims this was a denial of his constitutional right to Due Process under the Fourteenth Amendment and negligence by Defendants.  This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

### A.    Standard of Review

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are

---

[1] Plaintiff states that John Doe #1 was assigned to H-Block Control Bubble at SCI-Somerset and John Doe #2 was assigned to H-Block, D-Pod at SCI-Somerset.  Plaintiff alleges that on April 29, 2024, John Doe #1 had the responsibility to separate mail, including copies, into piles for each pod and John Doe #2 was to deliver the copies.

frivolous or that fail to state a claim on which relief may be granted.[2] 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556

---

[2] *See* ECF No. 3, Plaintiff's Motion for Leave to Proceed in forma pauperis. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 8).

U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

**B.**    **Discussion**

Plaintiff complains that while he was in the Restricted Housing Unit ("RHU") at SCI-Somerset, he drafted a 17-page document intended to be filed with the Third Circuit in his case *Nelson v. Mroczka*, 4:22-cv-1238 (M.D. Pa. Sept. 28, 2023), *aff'd,* 23-2711 (3d Cir. July 23, 2024). In his Complaint (ECF No. 9), he tells the story of his denial of rights through the process by which he exhausted his grievance. ECF No. 9, pp. 2-4; ECF No. 9-1 (grievances). Plaintiff, from the RHU, sent his legal document to the library to be copied. He first says he was never charged and did not receive the paperwork back. Then he grieves that he was charged $3.40 but neither copies nor originals were returned to him. The grievance was upheld in part and denied in part, and the $3.40 was reimbursed. ECF No. 9, p. 2. The grievance officer states,

> I have reviewed all the pertinent information related to this issue. This includes the original grievance, the initial response, and your subsequent appeal. In your appeal, you request to be compensated for your missing documents. I have found the initial response to be accurate and appropriate. It cannot be determined what these documents were or what happened to them. You have admitted in correspondence to this office that these were documents you created. You have the ability to recreate these documents. You were refunded the copy fees.

ECF No. 9-1, p. 2. Plaintiff's claim to this Court amounts to a denial of Access to Courts claim.

On December 20, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 10) recommending Plaintiff's Complaint (ECF No. 9) be dismissed for failure to state a claim

without leave to amend. The Court of Appeals, in *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002), directs courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." Plaintiff was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed a timely Brief in Opposition (ECF No. 11), which the Court construes as Objections.

Judge Pesto found that as an initial matter, Plaintiff never explained what the lost document was, what impact it may have had on his Appellate case, and whether it was the document that was ultimately filed in the *Nelson v. Mrozcka* appeal. ECF No. 10, p. 2. Judge Pesto states that Plaintiff failed to satisfy the requirements of Federal Rule of Civil Procedure 8(a), that requires a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. ECF No. 10 (citing *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009)). Judge Pesto also provides that the Appeal in *Nelson v. Mrozcka* was fully adjudicated on the merits and affirmed by Third Circuit. Plaintiff had filed an Appellate Brief in January 2024, four months before the date that Plaintiff alleges his legal document was lost. There is thus no plausible injury. ECF No. 10, p. 3.

To establish an access-to-courts claim, a prisoner must allege: (1) an "actual injury" (*i.e.*, a lost opportunity to pursue a nonfrivolous or arguable underlying claim); and (2) that there is no other remedy, save the present civil rights suit, that could compensate for the lost claim. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "To demonstrate an actual injury, a plaintiff must show that the defendant's conduct hindered his attempt to litigate a non-frivolous claim." *Watson v. Wingard*, 782 F. App'x 214, 217 (3d Cir. 2019) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). As the Appellate case of *Nelson v. Mrozcka* was fully adjudicated on the

merits, Plaintiff has failed to substantiate a claim of denial of Access to Courts.

Plaintiff's Objections state that he put many hours into the lost document that was to request "an Adverse Indifferens [sic] and Grievance #979996 be deemed admitted. For prison officials at SCI-Mahanoy failing time respond to grievance number 979996 in a timely manner." ECF No. 11, p. 1. He says he couldn't reproduce it because it was too much work. *Id*. The balance of the Objections appears to concede a claim for punitive damages. ECF No. 11, p. 2. This Court finds the Objections unavailing.

Upon review of the record and the Report and Recommendation (ECF No. 10) pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto. Judge Pesto correctly determined Plaintiff has failed to state a claim upon which relief can be granted. The Court also concurs that any amendment would be futile as the record cannot be rewritten.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 24th day of November, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 10) is adopted as the Opinion of the Court; and

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 11) are OVERRULED and;

IT IS FURTHER ORDERED that this Court declines to exercise supplemental jurisdiction over any state-law claims asserted; and

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 9) is DISMISSED with prejudice.

The Clerk of Courts is to mark this case closed.

Stephanie L. Haines
United States District Judge